**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NOELIA LORENZO MONGE, et al., | Case No. 2:10-cv-00230-RCJ-PAL |
| Plaintiffs, | **ORDER** |
| vs. | (Mtn to Quash - Dkt. #1) |
| MAYA MAGAZINES, INC., et al., | |
| Defendants. | |

This matter is before the court on Non-Party Charolette Richards' Motion to Quash Subpoena and for Sanctions (Dkt. #1) filed February 18, 2010. On March 9, 2010, Defendant Maya Publishing LLC filed a Response in Opposition and Motion to Compel (Dkt. #3). Ms. Richards replied to the Opposition and opposed the Motion to Compel in a Reply and Supplement (Dkt. ##4, 5), both filed on March 19, 2010. On March 23, 2010, Defendant filed a Notice and Reply (Dkt. #6). The court has considered the moving and responsive papers.

**BACKGROUND**

This case was initiated as a miscellaneous action, and once it became a contested matter, the above-captioned civil case number was assigned. The parties' dispute arises out of a case filed in the United States District Court for the Central District of California. That underlying lawsuit was brought by Plaintiffs Noelia Lorenzo Monge and Jorge Reynoso against Defendants Maya Publishing Group, LLC and its subsidiary Maya Magazines, Inc. Plaintiffs were married on January 3, 2007 in a secret ceremony at the Little White Wedding Chapel ("LWWC") in Las Vegas, Nevada. The only people present during the wedding ceremony were LWWC employees and Plaintiffs. One or more LWWC employees took pictures of Plaintiffs before and after the ceremony. Those photos were eventually published in one of Maya's publications, TVNotas. Plaintiffs then brought suit against Defendants,

alleging copyright infringement, common law misappropriation of likeness, and commercial misappropriation of likeness under California Civil Code.  The District Court in California dismissed all Plaintiffs' claims except their copyright infringement claim.

On March 5, 2009, LWWC assigned its copyrights in Plaintiffs' wedding photos to Plaintiffs. On November 17, 2009, Maya served subpoena *duces tecum* on the "corporate representative with the most knowledge" at LWWC and Ms. Richards seeking documents and testimony regarding the photos taken at Plaintiffs' wedding and the information regarding the LWWC employees who were present. Counsel for the parties attempted to resolve the subpoenas without a deposition.  Counsel for LWWC informed counsel for Maya that Ms. Richards was not present and had no personal knowledge regarding Plaintiffs' wedding.  On January 29, 2010, LWWC sent counsel for Maya an affidavit of LWWC's custodian of records as well as corporate documents identifying the LWWC employees present for Plaintiffs' wedding and redacted copies of their personnel files.  The personnel files demonstrated that the individuals were employees of LWWC at the time of Plaintiffs' wedding and are no longer employed by LWWC.

On February 3, 2010, counsel for LWWC received a letter from Maya's counsel indicating the deposition of Ms. Richards would still go forward because counsel for Maya believed the production of the affidavit and personnel files was inadequate.  The subpoenas were not re-served at that time.  On February 11, 2010, counsel attempted to resolve the issue; however, counsel for Maya indicated he wished to depose Ms. Richards concerning the cameras used at the wedding–including information about the model, its ownership, and the chain of custody of Plaintiffs' wedding photographs.  On February 12, 2010, counsel for Maya served copies of newly issued subpoena *duces tecum* for both the person most knowledgeable at LWCC and Ms. Richards.  On February 17, 2010, counsel for Richards stated that Ms. Richards would not appear for her deposition on February 19, 2010.  On February 18, 2010, Richards and LWCC objected to the subpoena.  On March 1, 2010, LWCC disclosed the last known addresses of the former employees who were present during Plaintiff's wedding.  Subsequently, counsel for LWCC and Ms. Richards filed the instant Motion to Quash (Dkt. #1).

/ / /

/ / /

**DISCUSSION**

I. **The Parties' Positions.**

A. **Motion to Quash.**

Ms. Richards asserts that Maya's subpoena *duces tecum* served upon her should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(1) because it is an undue burden and expense. Richards asserts she was not present for Plaintiffs' wedding, and she has no personal knowledge about it or any of the photographs that were taken. She states that the documentation Maya seeks is already in its possession, and alternatively, argues that the information Maya seeks can more easily be obtained from Plaintiffs than from Richards or LWWC. Richards asserts that good cause for a protective order exists because the subpoena *duces tecum* and deposition notice were issued to harass her, and because she is a high-level corporate executive without personal knowledge of the events at issue, and her testimony would be repetitive.

Richards argues that she would incur unnecessary expense in being deposed because a deposition would take her away from her day-to-day duties at LWWC, and she would incur attorney's fees in defending the deposition. She contends that because LWWC has voluntarily provided corporate documents to Maya, her deposition would be unnecessarily duplicative. Richards claims the subpoena is deficient because it was not served with the "fees for one day's attendance and mileage" as required by Rule 45(b)(1). Richards seeks sanctions against Maya and its counsel pursuant to Rule 45(c)(1) for abuse of the subpoena power.

B. **Opposition and Motion to Compel.**

Defendants assert that the documentation produced by LWWC is inadequate because the affidavit does not state who took which photograph of the Plaintiffs, whether the employees are still employed by LWWC, the last known address of the employees who were present during Plaintiffs' wedding, and how LWWC obtained the copyrights from the person who took each photograph. Defendants assert that discovery under the Federal Rules of Civil Procedure is very broad, and a party is permitted to seek all information that could lead to the discovery of admissible evidence. Defendants assert that Richards and LWCC have "unilaterally determined that Maya doesn't need the information." Opposition (Dkt. #3) at 6:4-5.

1    Maya argues that Richards is not a disinterested party.  Rather, she has been cooperating with
2  Plaintiffs and actively coordinating with them to avoid having her deposition taken before the discovery
3  cut-off date in the underlying action.  Maya contends that because the chain of title of the copyrights in
4  Plaintiffs' wedding photographs is integral to the underlying litigation, it must know whether any
5  LWWC employee took the photograph and whether any such employee assigned his or her copyright in
6  the photograph to LWWC.  Here, Plaintiffs state that the photographs were taken by LWWC employees
7  and by Plaintiffs themselves.

8    Maya contends that Richards is the person with the most knowledge at LWWC concerning
9  LWWC's contractual relationship with its employees concerning copyright, and it is entitled to question
10 her.  It seeks to compel unredacted documents regarding LWWC's employment policies, including its
11 employee handbook and contracts with employees, and it seeks discovery of the facts concerning
12 Plaintiffs' secret wedding and the contractual terms associated with it.  Maya also alleges that it has
13 never discovered who took each photograph or who was at LWWC when Plaintiffs were married, and it
14 is entitled to that information to defend against Plaintiffs' copyright infringement claim.

15   Maya represents that Plaintiffs' factual accounts given during their depositions are at odds with
16 the information Maya received from LWWC.  For example, Plaintiff Noelia Monge stated that there
17 was a woman present during her wedding, and LWWC has provided information that only three male
18 employees were present.  Therefore, Ms. Richards testimony would not be duplicative of discovery
19 which has been conducted in the underlying case.

20    **C.    Reply and Opposition to Motion to Compel.**

21   Richards asserts that Maya has already been provided the information it seeks from LWWC, and
22 the documents provided show that: (a) there were no guests present at Plaintiffs' wedding; (b) the only
23 people believed to be present at Plaintiffs' wedding were Rev. Charles Robinson, Thomas Gaspar, and
24 Jerry Warrell, and each were employed by LWWC at the time of Plaintiffs' wedding; and (c) Robinson,
25 Gaspar, and Warrell are no longer employed by LWWC.  LWWC has also provided Maya with its
26 policies regarding confidentiality and taking photographs, and it has assigned any copyrights in any
27 photographs its employees took during Plaintiffs' wedding to Plaintiffs.
28 / / /

1	Richard asserts that basic copyright law dictates that because the photos of Plaintiffs were taken
2	by an employee of LWWC in the course and scope of his or her employment, it is covered by the work
3	made for hire doctrine pursuant to 17 U.S.C § 101.  As a result, under 17 U.S.C. § 202, the employer is
4	considered the author and owns the copyrights.  Thus, LWWC owned the copyrights to the photographs
5	of Plaintiffs' wedding until it assigned those rights to Plaintiff on March 5, 2009.  Richards asserts that
6	if Maya still wishes to know who took the photographs, it should depose LWWC's former employees
7	who were present at Plaintiffs' wedding, not Ms. Richards.  Because the photographs were taken by an
8	LWWC employee, it does not matter who took them for copyright purposes because the copyrights
9	belonged to LWWC, the employer.  Richards contends that inquiry into LWWC's contractual
10	relationship with its employees is irrelevant to the copyright analysis unless those employees were
11	independent contractors.  Here, they were not.  Richards asserts that Maya is not entitled to unredacted
12	personnel files because it has not shown how they are relevant to defending against Plaintiffs' copyright
13	infringement claim or why Ms. Richards must be deposed concerning them.
14	Richards opposes Maya's motion to compel her deposition because it does not contain a
15	certification that Maya made a good faith effort to resolve the dispute without court intervention.
16	Richards also argues that Maya has not provided a list of subjects for the deposition of Ms. Richards, as
17	LWWC's corporate representative pursuant to Rule 30.  Instead, the subpoena only attached a list of
18	documents Maya wanted LWWC corporate representative to produce at the deposition.

19	**II.	Applicable Law and Analysis.**

20	Richard's motion to quash seeks to quash "the subpoena to appear for a deposition and/or
21	produce documentation."  However, two subpoenas were served.  The first is directed at Richards
22	herself.  The second, identical subpoena is directed to the "[c]orporate representative with the most
23	knowledge of this action."  For purposes of this Order, the court will assume Richards seeks to quash
24	both subpoenas.

25	**A.	Corporate Representative Subpoena *Duces Tecum*.**

26	With regard to the subpoena *duces tecum* directed to the corporate representative most
27	knowledgeable at LWWC, there is no provision in the Federal Rules of Civil Procedure for noticing the
28	/ / /

deposition of a "corporate representative most knowledgeable" of an organization.  Rule 30(b)(6) permits a party to direct a notice of deposition or subpoena to an organization.  It provides:

> In its notice or subpoena a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; . . .  The persons designated must testify about information known or reasonably available to the organization.

*Id.*

Rule 30(b)(6) imposes burdens on both the discovering party and the designating party.  The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which the examination is requested."  Fed. R. Civ. P. 30(b)(6).  Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics.  *Marker v. Union Fidelity Life Insurance Company*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).  Here, the subpoena directed to the "corporate representative with most knowledge of this action" of LWWC does not does not meet the reasonable particularity standard of Rule 30(b)(6).  Therefore, the motion to quash the subpoena *duces tecum* directed to the person most knowledgeable at LWWC is granted.

**B.      Richards' Subpoena *Duces Tecum.***

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, any party may serve a subpoena commanding a non-party to attend and give testimony or to produce and permit inspection and copying of documents.  The non-party may make objections to the subpoena within fourteen days after service, or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(c)(2)(B).  Upon a timely motion, the court may quash or modify the subpoena for any  one of the reasons set forth in Rule 45(c)(3)(A), such as the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies" or it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).  A Rule 45 subpoena is subject to the relevance requirements set forth in Rule 26(b).  *Compaq Computer Corp. v. Packark Bell Elecs.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed ... would be by definition undue").  Although the party who moves to

quash has the burden of persuasion under Rule 45(c)(3), *see Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005), "[t]he party issuing the subpoena must demonstrate [] that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Green v. Baca*, 226 F.R.D. 624, 654 (C.D. Cal. 2005) (citation omitted).

The only claim left in the underlying litigation is Plaintiffs' copyright infringement claim. The court finds that Maya has met its burden of establishing that the discovery it seeks from Richards is relevant and discoverable within the meaning of Rule 26(b). The court also finds that Richards has not met her burden of establishing undue burden or expense. The court strongly suspects the attorney's fees and costs incurred in filing the moving and responsive papers in this matter will exceed Richards' costs in attending her deposition. Although Ms. Richards claims she has no personal knowledge regarding Plaintiff's wedding and who was in attendance, at a minimum, she is likely to have information concerning LWWC's policies and procedures at the time of the Plaintiffs' wedding, and knowledge concerning the assignment of the copyright to the wedding photos at issue in the underlying litigation. Richards' Motion to Quash the Subpoena *Duces Tecum* will therefore be denied.

**C.      Motion to Compel Unredacted Personnel Files.**

Maya also seeks to compel the unredacted personnel files for Reverand Robinson, Mr. Gaspar, and Mr. Warrell–the three employees present during Plaintiffs' wedding. LWWC has disclosed their last known addresses and provided Maya information showing that they were employed by LWWC at the time of Plaitniffs' wedding, that they were not independent contractors, and that they acknowledged LWWC's confidentiality policies, including LWWC's ownership of copyrights in photographs taken by employees. LWWC also provided the date when Mssrs. Robinson, Gaspar, and Warrell terminated their employment with LWWC. Richards asserts the only information redacted from the personnel files was the employees' work history, references, disciplinary matters, Social Security numbers, financial information, and unemployment paperwork. The court accepts Richards' representations that only information redacted from the employment files consists of personal identifiers and background information in which the former employees have privacy interests. Maya has not shown how the redacted information is relevant and material to its defense of the underlying litigation, and its request to compel the unredacted personnel files is denied.

Based upon the foregoing,

**IT IS ORDERED** that LWWC's and Charolette Richards' Motion to Quash (Dkt. #1) is GRANTED IN PART AND DENIED IN PART as follows:

a. The Motion is GRANTED to the extent that the subpoena *duces tecum* served upon the corporate representative of LWWC is QUASHED for failure to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

b. The Motion is DENIED to the extent Ms. Richards seeks to quash the subpoena *duces tecum* served upon her, and she shall submit to deposition.

c. Counsel for Maya shall meet and confer with counsel for Richards and opposing counsel to re-notice Ms. Richards' deposition at a date and time mutually convenient to the deponent and counsel.  Counsel for Maya shall also send Richards a check for the witness fee for one-day's attendance and mileage as required by Rule 45(b)(1).

d. Maya's motion to compel the unredacted personnel files of former LWWC employees Robinson, Gaspar, and Warrell is DENIED.

e. Any request for relief not specifically addressed in this order is DENIED.

Dated this 12th day of July, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE